1  HELENE WASSERMAN, Bar No. 130134
   hwasserman@littler.com
2  LITTLER MENDELSON P.C.
   2049 Century Park East, 5th Floor
3  Los Angeles, California 90067.3107
   Telephone: 310.553.0308
4  Fax No.:   310.553.5583

5  BRITTANY L. McCARTHY, Bar No. 285947
   blmccarthy@littler.com
6  LITTLER MENDELSON, P.C.
   501 W. Broadway, Suite 900
7  San Diego, CA 92101.3577
   Telephone: 619.232.0441
8  Fax No.:   619.232.4302

9
   Attorneys for Defendant
10 BROOKDALE SENIOR LIVING
   COMMUNITIES, INC.
11

12                UNITED STATES DISTRICT COURT

13                SOUTHERN DISTRICT OF CALIFORNIA

14

15 | LAURA NELSON, an individual,                         | Case No. **'21CV1869 W    KSC**
16 |           Plaintiff,                                 | [San Diego Superior Court Case No. 37-2021-00042000-CU-WT-CTL]
17 |    v.                                                |
18 | BROOKDALE SENIOR LIVING                              | **NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446**
19 | COMMUNITIES, INC., a Delaware Corporation; and DOES 1 through 20, inclusive, |
20 |           Defendants.                                | Trial Date: Not Set
21

NOTICE TO FEDERAL COURT OF REMOVAL
OF CIVIL ACTION PURSUANT TO 28 U.S.C. §§
1332, 1441 AND 1446

TO THE CLERK OF THE ABOVE-ENTITLED COURT, AND TO PLAINTIFF AND HER ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant BROOKDALE SENIOR LIVING COMMUNITIES, INC. ("Defendant")[1], hereby removes the state action described herein, filed in Superior Court of the State of California, County of San Diego, to the United States District Court for the Southern District of California, pursuant to 28 U.S.C. sections 1332, 1441 and 1446. A true and correct copy of this notice will be filed contemporaneously with the Clerk of the Superior Court for the State of California, County of San Diego, and notice of the removal will be provided to counsel for Plaintiff in accordance with 28 U.S.C. section 1446(d). Defendant makes the following allegations in support of its Notice of Removal:

## I.   STATEMENT OF JURISDICTION

1. This Court has original jurisdiction over this action under the diversity of citizenship statute. See 28 U.S.C. § 1332(a). In relevant part, the diversity statute grants district courts original jurisdiction over civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. As set forth below, this case meets all of the diversity statute's requirements for removal and is timely and properly removed by the filing of this Notice. See 28 U.S.C. §§ 1332, 1441(a) and 1446.

## II.   VENUE

2. Plaintiff originally brought this action in the Superior Court of the State of California, County of San Diego. Therefore, venue lies in the Southern District of California pursuant to 28 U.S.C. §§ 84(d), 1391(a), 1441(a), and 1446(a).

## III.   PLEADING, PROCESS, AND ORDERS

3. October 1, 2021, Plaintiff LAURA NELSON ("Plaintiff") filed an

---

[1] Defendant Brookdale Senior Living Communities, Inc. did not employ Plaintiff. Rather, Plaintiff was employed by BKD Twenty-One Management Company, Inc. Both entities are indirect subsidiaries of Brookdale Senior Living, Inc.

LITTLER MENDELSON P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.310
310.553.0308

NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446

2

unverified Complaint for Damages in the Superior Court for the State of California, County of San Diego, captioned: LAURA NELSON, an individual v. BROOKDALE SENIOR LIVING COMMUNITIES, INC., a Delaware Corporation, and DOES 1 through 20, inclusive, County of San Diego, Case Number 37-2021-00042000-CU-WT-CTL (hereinafter, the "Complaint").  See Declaration of Brittany McCarthy in Support of Defendant's Notice to Federal Court of Removal of Civil Action From State Court ("McCarthy Decl."), ¶ 3.

4.   The Complaint alleges the following causes of action: (1) Retaliation under California Labor Code § 1102.5; (2) Retaliation under California Government Code § 12940(h) [Fair Employment and Housing Act, "FEHA"]; and (3) wrongful termination in violation of public policy.  Plaintiff's Prayer for Relief requests, inter alia, "general, special, and compensatory, actual and liquidated damages," "punitive and exemplary damages," attorneys' fees and costs, lost wages, interest, and any "further relief as the Court may deem just and proper."  The allegations in the Complaint are incorporated into this Notice of Removal by reference without admitting the truth of any of them.

5.   On October 4, 2021, Defendant was served the Complaint through Defendant's registered agent for service of process, CSC.  Attached hereto as **Exhibit A** is a true and correct copy of the Complaint filed in the San Diego County Superior Court and served by Plaintiff through CSC.  (McCarthy Decl., ¶ 2.)

6.   Attached hereto as **Exhibit B** are true and correct copies of the Summons and Civil Case Cover Sheet, Alternative Dispute Resolution Information and Stipulation Form, Notice of Case Assignment and Case Management Conference, and Notice of E-Filing and Imaged Documents, also served by Plaintiff through CSC. (McCarthy Decl., ¶ 3.)  Also included within Exhibit B are the remaining documents as reflected and downloaded from the San Diego County Superior Court website, including the Case Initiation Form and Proof of Service of the Complaint. (McCarthy Decl., ¶ 3.)

LITTLER MENDELSON P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446

3

7. On November 1, 2021, Defendant filed an Answer in the San Diego County Superior Court and served a copy of that Answer on Plaintiff's counsel of record. Attached hereto as **Exhibit C** is a true and correct copy of Defendant's Answer. (McCarthy Decl., ¶ 4.)

8. To Defendant's knowledge, no further process, pleadings, or orders related to this case have been filed in the San Diego County Superior Court or served by any party other than as described above. To Defendant's knowledge, no proceedings related hereto have been heard in San Diego County Superior Court. (McCarthy Decl., ¶ 5.)

### IV.   TIMELINESS OF REMOVAL

9. An action may be removed from state court by filing a notice of removal – together with a copy of all process, pleadings, and orders served on the defendant – within thirty days of defendant receiving service of the initial pleading. 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Mitchetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (the thirty-day removal period runs from the service of the summons and complaint).

10. Removal of this action is timely because this Notice of Removal has been filed within thirty days of October 4, 2021, when Defendant was served with the Summons and Complaint. See 28 U.S.C. § 1446(b). Because Plaintiff personally served the Summons and Complaint upon Defendant's agent for service of process on October 4, 2021, the thirty-day period for removal runs through November 3, 2021. As referenced above, this Notice of Removal also contains all process, pleadings, and orders that were served on Defendant or otherwise obtained by Defendant, and the Answer filed and served by Defendant on November 1, 2021. *See* Exhibits A-C. Accordingly, this Notice of Removal is timely as a matter of law.

### V.   DIVERSITY JURISDICTION

11. This Court has original jurisdiction of the State Court Action based on diversity of citizenship pursuant to 28 U.S.C. section 1332(a). Pursuant to 28 U.S.C.

LITTLER MENDELSON P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446

4

section 1441(a) and (b), the State Court Action may be removed to this Court by Defendant because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interests and costs, as set forth below.

### A.   Diversity of Citizenship

12.   <u>Plaintiff is a Citizen of California</u>.  Citizenship of a natural person is established by domicile.  A person's domicile is established by physical presence and an intent to remain indefinitely.  *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986).  Residence creates a presumption of one's domicile.  *District of Columbia v. Murphy*, 314 U.S. 441, 455 (1941) ("The place where a man lives is properly taken to be his domicile until the facts adduced establish the contrary"); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 529 (10th Cir. 1994) (a party's residence is prima facie evidence of his domicile).

13.   Plaintiff resides in the State of California. *See* Complaint at ¶ 1.  Therefore, Plaintiff is a citizen of the State of California.

14.   <u>Neither Defendant Brookdale Senior Living Communities, Inc. nor Plaintiff's Actual Former Employer is a Citizen of California</u>.  For purposes of diversity jurisdiction, a corporation is deemed a citizen of its state of incorporation and the state where it has its principal place of business.  28 U.S. C. § 1332(c)(1).  As clarified by the United States Supreme Court in *Hertz Corp. v. Friend*, 559 U.S. 77 (2010), "the phrase 'principal place of business' [in Section 1332(c)(1)] refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities.  Lower federal courts have often metaphorically called that place the corporation's 'nerve center.'  We believe that the 'never center' will typically be found at the corporation's headquarters."  *Id.* at 80-81; *see also Breitman v. May Co. California*, 37 F.3d 562, 564 (9th Cir. 1994) (corporation is citizen of state in which its corporate headquarters are located and where its executive and administrative functions are performed).

LITTLER MENDELSON P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446

5

15. Defendant, as well as Plaintiff's actual former employer, BKD Twenty-One Management Company, Inc., were at the time of filing this action, and remain, corporations incorporated under the laws of the State of Delaware. Declaration of Kim Portillos in Support of Defendant's Notice to Federal Court of Removal of Civil Action From State Court ("Portillos Decl."), ¶¶ 5-7. Defendant's and BKD Twenty-One Management Company, Inc.'s principal places of business are each in Brentwood, Tennessee, which is where Defendant's and BKD Twenty-One Management Company, Inc.'s executive and administrative functions and operations are primarily based, and it is the actual center of direction, control and coordination for its operations. *Id*. Accordingly, Defendant and Plaintiff's actual former employer are citizens of Delaware and Tennessee.

16. The Complaint names as defendants "DOES 1-20, inclusive." Pursuant to 28 U.S.C. section 1441(a), the citizenship of defendants sued under fictitious names must be disregarded for the purpose of determining diversity jurisdiction. *See Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998).

17. No other party has been named or served as of the date of this removal. Because Defendant is not a citizen of the State of California, there is complete diversity among the parties.

### B. The Amount In Controversy Is Met

18. The amount in controversy is determined from the allegations or prayer of the complaint. *See St. Paul Mercury Idemn. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938). Where a complaint does not seek a specific monetary amount in damages, Defendants only need to show by a preponderance of the evidence (that it is more probably than not) that Plaintiff's claimed damages exceed the jurisdictional minimum. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 298, 403-04 (9th Cir. 1996). Further, the U.S. Supreme Court has held under 28 U.S.C. section 1446(a), a defendant seeking to remove a case to federal court need only file "a notice of removal 'containing a short

LITTLER MENDELSON P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446

6

and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014). The Court further held this language tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure, and that "[a] statement 'short and plain' need not contain evidentiary submissions." *Id.* at 551, 553.

19. Thus, in measuring the amount in controversy, a court must assume the allegations of the complaint are true and that a jury will return a verdict in favor of the plaintiff on all claims asserted in his complaint. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). The ultimate inquiry is what amount is put "in controversy" by the complaint, not what is actually owed if a plaintiff prevails. *See Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005) ("It's not a question as to what you would owe. It's a question as to what is in controversy.").

20. Here, as set forth more fully below, the Court can reasonably ascertain from the Complaint and Plaintiff's Prayer for Relief that the amount in controversy exceeds $75,000, exclusive of interest and costs.[2] *See Singer v. State Farm Mutual Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) ("The district court may consider whether it is facially apparent from the complaint that the jurisdictional amount is in controversy." (internal citations and quotations omitted)).

21. In her Complaint, Plaintiff seeks economic damages in the form of lost earnings and other employment benefits. (Complaint ¶¶ 16, 22, 27 and Prayer for Relief, ¶¶ 1, 4.) At the time of her hire as Human Resources Director in August of 2018, Plaintiff was compensated at an annual salary of $80,000.00. Portillos Decl., ¶ 8. Accordingly, Plaintiff earned approximately $1,538.46 a week ($80,000/52 =$1,538.46/week).

---

[2] The alleged damages calculations contained herein are based upon the allegations in the Complaint, and are for purposes of removal only. Defendant expressly denies that Plaintiff is entitled to any relief whatsoever. Defendant expressly reserves the right to challenge Plaintiff's alleged damages in this case.

LITTLER MENDELSON P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446

7

22. Although Defendant denies that Plaintiff is entitled to recover any damages, assuming, *arguendo*, that Plaintiff was awarded back wages for approximately 165 weeks (from the date of termination in August, 2019 through the likely date of trial at least one year from the date of filing this notice of removal, November 2022), the amount of back pay in controversy in this case would total at least approximately **$253,845.90** ($1,538.46 x 165 weeks). **The amount in controversy is met by this allegation alone.**

23. However, Plaintiff also seeks recovery of general and special damages for "emotional injury, mental distress, shock, humiliation, loss of reputation and worry of a lasting nature." (Complaint ¶¶ 16, 22, 27, Prayer for Relief, ¶¶ 1-2.) These claims further augment her claim for past and future lost wages. *See Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (plaintiff's claims for pain and suffering and humiliation may properly be factored into jurisdictional analysis for purposes of removal); *see also Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 450 (S.D. Cal. 1995) (noting that emotional distress damages, although vaguely pled, were potentially substantial and could factor into amount-in-controversy threshold); *Simmons v. PCR Technology*, 209 F. Supp. 2d 1029, 1033-34 (N.D. Cal. 2002) (citing case in which an award for pain and suffering in an employment discrimination case totaled $3.5 million, and recognizing that "emotional distress damages in a successful employment discrimination case may be substantial" and moreover, that emotional distress damages "may be considered when calculating the amount in controversy even where not clearly pled in the complaint").

24. Here, based on the allegations in Plaintiff's complaint, the Court can reasonably ascertain that the emotional distress component of Plaintiff's claims could add at least $25,000 to the amount in controversy, if not more. Specifically, in *Kroske v. U.S. Bank Corp.*, 432 F.3d 976 (9th Cir. 2005), the Ninth Circuit upheld the lower court's finding that the amount in controversy had been established. In reaching its

LITTLER MENDELSON P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446

8

1  holding, the Ninth Circuit reasoned that the plaintiff's "emotional distress damages
2  would add at least an additional $25,000 to her claim" where she had $55,000 in lost
3  wages, thus satisfying the amount in controversy requirement "even without including
4  a potential award of attorney's fees." *Id.* at 980; *see also Velez v. Roche*, 335 F.Supp.2d
5  1022, 1038-40 (N.D. Cal. 2004) (surveying discrimination cases awarding emotional
6  distress damages and concluding that "substantial jury awards of hundreds of thousands
7  of dollars for non-economic damages have been upheld where there is evidence . . . that
8  the plaintiff suffered heightened mental anguish").

9       25.    Accordingly, using a conservative estimate, Plaintiff's alleged emotional
10 distress damages contribute $25,000.00 to the amount in controversy.

11      26.    Plaintiff also seeks punitive damages. (Complaint ¶¶ 17, 23, 28, Prayer for
12 Relief, ¶ 2.)  The Court must take into account punitive damages for purposes of
13 determining the amount in controversy where such damages are recoverable under state
14 law. *Davenport v. Mut. Benefits Health and Accident Ass'n*, 325 F.2d 785, 787 (9th
15 Cir. 1963); *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1009 (N.D. Cal.
16 2002); *Simmons*, 209 F. Supp. 2d at 1033 (jury verdicts in other "cases amply
17 demonstrate the potential for large punitive damage awards in employment
18 discrimination cases"). California law does not provide any specific monetary limit on
19 the amount of punitive damages that may be awarded under Civil Code section 3294.
20 *Boyle v. Lorimar Prods., Inc.*, 13 F.3d 1357, 1360 (9th Cir. 1994).  A punitive damages
21 award may equal as much as four times the amount of the actual damages award. *State*
22 *Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003).  In *Aucina v. Amoco*
23 *Oil, Co.*, 871 F. Supp. 332 (S.D. Iowa 1994), the defendant employer established that
24 the amount in controversy exceeded the jurisdictional minimum in a discrimination and
25 wrongful discharge lawsuit where the former employee asserted claims for lost wages,
26 lost benefits, mental anguish, and punitive damages.  The court noted that "[b]ecause
27 the purpose of punitive damages is to capture a defendant's attention and deter others
28

LITTLER MENDELSON P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

NOTICE TO FEDERAL COURT OF REMOVAL
OF CIVIL ACTION PURSUANT TO 28 U.S.C. §§
1332, 1441 AND 1446

9

1  from similar conduct," the plaintiff's claim for punitive damages "might alone" exceed
2  the jurisdictional minimum. *Id.* at 334.

3    27. Although Defendant vigorously denies Plaintiff's allegations, if Plaintiff
4  were to prevail on her punitive damages claim, such claim alone could exceed the
5  jurisdictional minimum. Numerous court decisions and jury verdicts in the Ninth Circuit
6  demonstrate that compensatory and punitive damages in excess of $75,000 have been
7  awarded to individual plaintiffs where, as here, the plaintiff alleges claims of
8  whistleblower retaliation under Labor Code § 1102.5. (Complaint, ¶¶ 12-17.) *See e.g.,*
9  *Williams v. Windham Vacation Ownership, et al.*, 2016 WL 7742244 (Cal. Super. Nov.
10 17, 2016) (awarding $18,570,099.16 in punitive damages in whistleblower retaliation
11 under Labor Code section 1102.5); *Manuel v. Heart To Heart Care Inc., et al.*, JVR No.
12 1505190052 ($200,000 punitive damages award for whistleblower retaliation claim in
13 Labor Code section 1102.5 action against residential healthcare provider).

14   28. Here, assuming Plaintiff were to recover punitive damages in an amount
15 equal to her alleged compensatory damages, Plaintiff would recover at least
16 $253,845.90, the approximate equivalent of her alleged economic damages for her
17 alleged punitive damages.

18   29. Finally, Plaintiff seeks recovery for attorneys' fees and costs. (Complaint,
19 Prayer for Relief, ¶ 3.)  It is well settled that when authorized by statute, attorneys' fees
20 are to be included in the calculation of the amount of Plaintiff's claims for purposes of
21 determining whether the requisite jurisdictional minimum is met. *Galt G/S v. JSS*
22 *Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("[W]here an underlying statute
23 authorizes an award of attorneys' fees, either with mandatory or discretionary language,
24 such fees may be included in the amount in controversy"); *Brady,* 243 F. Supp. 2d at
25 1010-11 (in deciding amount in controversy issue, court may estimate amount of
26 reasonable attorneys' fees likely to be recovered by plaintiff if she were to prevail).
27 Even just considering Plaintiff's FEHA claims, the FEHA authorizes an award of
28

LITTLER MENDELSON P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.310
310.553.0308

NOTICE TO FEDERAL COURT OF REMOVAL
OF CIVIL ACTION PURSUANT TO 28 U.S.C. §§
1332, 1441 AND 1446

10

reasonable attorneys' fees to a prevailing plaintiff. Cal. Gov't Code §12965(b). While Plaintiff's attorneys' fees cannot be precisely calculated, it is reasonable to assume that they could exceed a damages award. *Simmons,* 209 F. Supp. 2d at 1034.

30.  Moreover, a defendant may use damage awards in other cases to establish the amount in controversy. *Simmons,* 209 F. Supp. 2d at 1033. Attorneys' fee awards in FEHA cases can be sizeable. *See, e.g., Beaty v. BET Holdings, Inc.*, 222 F.3d 607, 609-14 (9th Cir. 2000) (recognizing that award of attorneys' fees of $376,520 may be appropriate in FEHA where compensatory damages were only $30,000, but remanding to district court to clarify whether court had properly exercised its discretion to consider reducing the fee award). Other California courts have upheld large attorneys' fee awards in FEHA cases. *See Flannery v. Prentice*, 26 Cal. 4th 572 (2001) (affirming award of attorney's fees and costs of $891,042); *Mangold v. Cal. Pub. Utils. Comm'n,* 67 F.3d 1470, 1479 (9th Cir. 1995) (affirming $724,380 attorneys' fee award in FEHA and ADEA case where plaintiffs' damages awards were significantly less). Thus, Plaintiff's demand for attorneys' fees further increases the amount in controversy.

31.  Conservatively estimating attorneys' fees at the rate of $400/hour, and using a conservative estimate of 150 hours, this add *at least* an additional $60,000.00 to the amount in controversy.

32.  Finally, Plaintiff also seeks such open-ended relief "[f]or such other and further relief as the Court may deem just and proper." (Complaint, Prayer for Relief ¶ 7.)  Although uncertain in amount, these additional damages claims only serve to increase the amount in controversy. *See Lewis v. Exxon Mobil Corp.*, 348 F. Supp. 2d 932, 932-934 (W.D. Tenn. 2004) ("open ended" relief sought by plaintiff, who prayed for "judgment to be determined by a jury, for all incidental, consequential, compensatory and punitive damages" established that her case met amount in controversy requirement even though she plead in the complaint that she did not assert claim in excess of $75,000).

LITTLER MENDELSON P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446

11

33.  In sum, although Defendant does not concede Plaintiff's claims have any merit, when the relief sought by Plaintiff is taken as a whole, the amount in controversy for Plaintiff's claims more likely than not exceeds the $75,000.00 jurisdiction requirement, exclusive of interest and costs:

| Back Pay | $253,845.90 |
|---|---|
| Emotional Distress | $25,000 |
| Punitive Damages | $253,845.90 |
| Attorneys' Fees | $60,000 |
| **Amount in Controversy** | **$592,691.80** |

34.  Thus, this Court has original jurisdiction over the claims asserted by Plaintiff in the State Court Action based on diversity of citizenship jurisdiction under 28 U.S.C. §§ 1332(a)(1) and 1441(a).

## VI. NOTICE OF REMOVAL TO ADVERSE PARTY AND STATE COURT

35.  Following the filing of this Notice of Removal in the United States District Court for the Southern District of California, written notice of such filing will be given by the undersigned to Plaintiff's counsel of record, Andrew E. Hillier and Francis DiGiacco of Hillier DiGiacco, LLP and a copy of the Notice of Removal will be filed with the Clerk of the San Diego County Superior Court in accordance with 28 U.S.C. § 1446(d). McCarthy Decl., ¶ 6.

WHEREFORE, having provided notice as required by law, the above-entitled action should hereby be removed from the Superior Court of the County of San Diego to this Court.

Dated:  November 3, 2021

LITTLER MENDELSON P.C.

/s/ *Brittany McCarthy*
Helene Wasserman
Brittany L. McCarthy
Attorneys for Defendant
BROOKDALE SENIOR LIVING COMMUNITIES, INC.