EXHIBIT   A



null / ALL
**Transmittal Number: 23880454**
**Date Processed: 10/06/2021**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Kathy Walker<br>Brookdale Senior Living<br>111 Westwood Pl<br>Ste 400<br>Brentwood, TN 37027-5057 |
| **Electronic copy provided to:** | Marti Downey<br>Jennifer Fitzpatrick<br>Bahar Azhdari<br>Laurel Johnston |

| | |
|---|---|
| **Entity:** | Brookdale Senior Living Communities, Inc.<br>Entity ID Number  3624354 |
| **Entity Served:** | Brookdale Senior Living Communities, Inc. |
| **Title of Action:** | Laura Nelson vs. Brookdale Senior Living Communities, Inc. |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Discrimination |
| **Court/Agency:** | San Diego County Superior Court, CA |
| **Case/Reference No:** | 37-2021-00042000-CU-WT-CTL |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 10/04/2021 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Andre E. Hillier<br>619-500-7906 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**10/01/2021** at 05:49:07 PM

Clerk of the Superior Court
By Megan Dietenhofer, Deputy Clerk

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
BROOKDALE SENIOR LIVING COMMUNITIES, INC., a Delaware Corporation; and DOES 1
through 20, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
LAURA NELSON, an Individual

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

   You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*  San Diego Superior Court<br>330 W. Broadway, San Diego, CA 92101 | CASE NUMBER: *(Número del Caso):*<br>37-2021-00042000-CU-WT-CTL |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Andrew Hillier, Hillier DiGiacco LLP, 600 W. Broadway, Ste. 700, San Diego, CA 92101 (619) 500-7906

| | | | |
|---|---|---|---|
| DATE:<br>*(Fecha)*  10/04/2021 | Clerk, by<br>*(Secretario)*  M. Dietenhofer | | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [x] on behalf of *(specify):* BROOKDALE SENIOR LIVING COMMUNITIES, INC., a Delaware Corporation

   under: [x] CCP 416.10 (corporation)      [ ] CCP 416.60 (minor)
   [ ] CCP 416.20 (defunct corporation)      [ ] CCP 416.70 (conservatee)
   [ ] CCP 416.40 (association or partnership)   [ ] CCP 416.90 (authorized person)
   [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

Andrew E. Hillier (State Bar No. 295779)
Francis A. DiGiacco (State Bar No. 265625)
HILLIER DIGIACCO LLP
600 West Broadway, Suite 700
San Diego, CA 92101
Telephone:   (619) 500-7906
Facsimile:   (619) 839-3895
andrew@hdlawllp.com
frankie@hdlawllp.com

Attorneys for Plaintiff,
LAURA NELSON

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego
**10/01/2021** at 05:49:07 PM
Clerk of the Superior Court
By Megan Dietenhofer, Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## FOR THE COUNTY OF SAN DIEGO

LAURA NELSON, an Individual;

    Plaintiff,

    v.

BROOKDALE SENIOR LIVING
COMMUNITIES, INC., a Delaware
Corporation; and DOES 1 through 20,
inclusive,

    Defendants.

Case No:   37-2021-00042000-CU-WT-CTL

**COMPLAINT FOR**

(1)    **RETALIATION (Cal. Lab. Code § 1102.5)**
(2)    **RETALIATION (Cal. Gov. Code § 12940(h))**
(3)    **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**

**DEMAND FOR JURY TRIAL**

Plaintiff LAURA NELSON ("Plaintiff"), as an individual, alleges as follows:

### THE PARTIES, JURISDICTION AND VENUE

1.    Plaintiff is an individual who, at all times relevant to this action, resided in the County of San Diego, State of California.

2.    Plaintiff is informed, believes, and thereupon alleges that Defendant BROOKDALE SENIOR LIVING COMMUNITIES, INC., (hereafter "BROOKDALE" or "Defendant") is a Delaware Corporation doing substantial business in County of San Diego, State of California. Defendant owns and operates independent, assisted living, and hospice care facilities for seniors. BROOKDALE has facilities across the country, including one, at all relevant times herein, in Carlsbad, CA.

1

COMPLAINT

3.      Defendant BROOKDALE and Defendants DOES 1 though 20, inclusive (collectively "Defendants") were at all times herein mentioned: (a) conducting business in the County of San Diego, State of California; (b) the employer of Plaintiff consistent with the California Labor Code; and (c) Plaintiff's employer as defined under Government Code §12926(c).  At all times relevant herein, Defendants employed more than five (5) employees.

4.      The acts alleged herein arose in San Diego County, within the State of California and therefore venue is proper in San Diego.

5.      Plaintiff is ignorant of the true names and capacities, whether individual, corporate, associate or otherwise, of the Defendants sued herein under fictitious names Does 1 through 20, inclusive, and for that reason sues said Defendants, and each of them, by such fictitious names. Plaintiff is informed, believes, and thereupon alleges that each of the Defendants Does 1 through 20, inclusive, is and/or was in some manner responsible for, participated in, or contributed to the matters and things of which Plaintiff complains herein, and in some fashion has legal responsibility therefor. When Plaintiff ascertains the true names and capacities of the fictitiously named Defendants Does 1 through 20, inclusive, Plaintiff will seek leave to amend this Complaint to set forth such facts.

6.      Plaintiff is informed, believes, and thereupon alleges that each Defendant is, and at all times relevant herein was, the agent of his, her or, its co-defendants, and in committing the acts alleged herein, was acting within the scope of his, her, or its authority as such agent, and with the knowledge, permission, and consent of his, her or, its co-defendants.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

7.      Plaintiff timely submitted a complaint to the Department of Fair Employment and Housing ("DFEH") concerning all relevant claims herein and received a Right to Sue Letter. The DFEH Matter Number is 202010-11431403. This action is brought less than one year following Plaintiff's receipt of said letter on October 4, 2020.

**GENERAL ALLEGATIONS**

8.      Plaintiff began work for Defendants in or around August 2018 as "Director, Human Resources" at Defendant's Carlsbad, CA location. Her job responsibilities included oversight of

1    recruitment, retention, payroll, staff development, and employee onboarding. She also served as an

2    employee relations subject matter expert for Defendants' Carlsbad facility.  At all times during her

3    employment with Defendants, Plaintiff was a dedicated employee who worked hard to ensure that

4    patients and employees alike received fair and proper treatment.  Plaintiff held her position with

5    Defendants without interruption until her termination in August 2019.

6         9.      Throughout her employment with Defendants, Plaintiff engaged in protected activity.

7    Specifically, Plaintiff reported repeated legal violations perpetrated by Defendants to her superiors

8    in both written and verbal communications.  Those reports include, but are not limited to, the

9    following:

10        a.      Plaintiff reported that Defendants failed to properly compensate employees.

11   Defendants failed to accurately track employee time worked, resulting in underpayment of wages

12   to non-exempt employees.  Defendants failed to pay necessary meal and rest period premiums to

13   qualifying non-exempt employees, again resulting in under compensation;

14        b.      Plaintiff reported that Defendants failed to properly engage in interactive

15   processes with employees who needed reasonable accommodation due to disability.  One such

16   employee was blind; another was undergoing chemotherapy. Plaintiff reported that neither was

17   presented with a sufficient opportunity to engage in an interactive process to find a reasonable

18   accommodation and neither was properly accommodated;

19        c.      Plaintiff reported that Defendants failed to pay their employees equitably,

20   fairly, and legally.  Plaintiff reported that Defendants failed to pay a seasoned, African-American

21   caregiver at a rate commensurate with her experience. Plaintiff reported that the African-American

22   caregiver was paid less than her less skilled, less experienced coworkers. Plaintiff opposed the

23   practice, but was overruled by Defendants' administrators;

24        d.      Plaintiff reported that Defendants encouraged and/or required employees to

25   misrepresent information to state investigators in relation to an incident wherein a patient left

26   Defendants' facility without proper supervision. Employees were threatened with retaliation if they

27   did not comply and/or if they did not repeat Defendants' altered version of the truth.

28

---

3

COMPLAINT

1    10.    Plaintiff engaged in the above-described protected activity regularly up until the time

2    of her termination.

3    11.    After Plaintiff engaged in protected activity, and because of it, Defendants began to

4    retaliate against Plaintiff. Plaintiff was subjected to heightened scrutiny, baseless written warnings,

5    and ultimately termination of employment. Defendant terminated Plaintiff because of her

6    participation in protected activity in August 2019.

7    **FIRST CAUSE OF ACTION**

8    **(Retaliation Under Cal. Lab. Code § 1102.5 Against All Defendants)**

9    12.    Plaintiff incorporates by reference each and every allegation in all previous

10   paragraphs of this Complaint as if fully set forth herein.

11   13.    Plaintiff reasonably believed that she had knowledge of illegal activity perpetrated by

12   Defendants. Specifically, Plaintiff reasonably believed:

13          a.    Defendants violated various Labor Code provisions, including but not limited

14   to sections 226, 226.7, 510, and 1197 by failing to properly compensate non-exempt employees for

15   all hours worked and by failing to provide meal and rest period premiums to qualifying employees;

16          b.    Defendants violated Cal Gov. Code § 12940(m) by failing to engage in

17   interactive processes with disabled employees and by failing to reasonably accommodate those

18   employees;

19          c.    Defendants violated Cal Gov. Code § 12940(a) and California's Equal Pay

20   Act by failing to fairly compensate a female African-American employee;

21          d.    Defendants engaged in fraud by compelling their employees to misrepresent

22   facts to state investigators.

23   14.    Plaintiff opposed, reported, and refused to participate in Defendants' above-described

24   illegal activity. Plaintiff reported all of the above-described illegal activity to her superiors, who

25   had authority over Plaintiff.

26   15.    Plaintiff's reporting of Defendant's illegal activity was a contributing factor in

27   Defendants' decision to terminate Plaintiff's employment. The termination came within days of

28   Plaintiff engaging in protected activity.

16.     As a legal result of the termination, Plaintiff suffered economic damages including lost wages, salary, performance bonuses, retirement income, and certain other benefits, including incidental and consequential losses.  As a direct legal result of the termination, Plaintiff suffered emotional injury, mental distress, shock, humiliation, loss of reputation, and worry of a lasting nature.

17.     Defendants were aware of the probable legal consequences of their conduct and willfully and deliberately failed to remedy or prevent against those consequences. This conduct was ratified or supported by Defendants managing agents. Defendants conduct constituted malice, oppression, or fraud such that Plaintiff is entitled to punitive damages under California Civil Code section 3294 in an amount to punish Defendants or to set an example.

## SECOND CAUSE OF ACTION

### (Retaliation Under Cal. Gov. Code § 12940(h) Against All Defendants)

18.     Plaintiff incorporates by reference each and every allegation in all previous paragraphs of this Complaint as if fully set forth herein.

19.     California's Fair Employment and Housing Act (the "FEHA") protects employees from retaliation for reporting any violation of the FEHA.  Specifically, Cal. Gov. Code § 12940(h) makes it illegal for "…any employer, labor organization, employment agency, or person to discharge, expel, or otherwise discriminate against any person because the person has opposed any practices forbidden under this part…"

20.     Plaintiff engaged in protected activity under the FEHA by reporting Defendants' racially discriminatory compensation of employees and by reporting Defendants' failure to reasonably accommodate employees with disabilities.

21.     As a result of Plaintiff's protected activity, Defendants retaliated against Plaintiff. Defendants subjected Plaintiff to heightened scrutiny, baseless written warnings, and termination. Defendants' decisions to enact these adverse actions were substantially motivated by Plaintiff's protected activity.

22.     As a legal result of Defendant's retaliation, Plaintiff suffered economic damages including lost wages, salary, performance bonuses, retirement income, and certain other benefits,

1     including incidental and consequential losses. As a direct legal result of the retaliation, Plaintiff

2     suffered emotional injury, mental distress, shock, humiliation, loss of reputation, and worry of a

3     lasting nature.

4         23.    Defendants were aware of the probable legal consequences of their conduct and

5     willfully and deliberately failed to remedy or prevent against those consequences. This conduct was

6     ratified or supported by Defendants managing agents. Defendants conduct constituted malice,

7     oppression, or fraud such that Plaintiff is entitled to punitive damages under California Civil Code

8     section 3294 in an amount to punish Defendants or to set an example.

9                      **THIRD CAUSE OF ACTION**

10            **(Wrongful Termination in Violation of Public Policy)**

11         24.    Plaintiff incorporates by reference each and every allegation in all previous

12     paragraphs of this Complaint as if fully set forth herein.

13         25.    Plaintiff's employment was terminated in violation of fundamental public policies of

14     the State of California including, without limitation, Cal. Gov. Code § 12940 and Cal. Labor Code

15     § 1102.5. These fundamental public policies inure to the benefit of the public, and do not just the

16     private interests of the employer and employee.

17         26.    As set forth above, Defendants' actions, including the termination of Plaintiff, were

18     wrongful and in violation of the fundamental principles of the public policy of the State of California

19     as reflected in its laws, objectives, and policies.

20         27.    As a legal result of the termination, Plaintiff suffered economic damages including

21     lost wages, salary, performance bonuses, retirement income, and certain other benefits, including

22     incidental and consequential losses. As a direct legal result of the termination, Plaintiff suffered

23     emotional injury, mental distress, shock, humiliation, loss of reputation, and worry of a lasting

24     nature.

25         28.    Defendants were aware of the probable legal consequences of their conduct and

26     willfully and deliberately failed to remedy or prevent against those consequences. This conduct was

27     ratified or supported by Defendants managing agents. Defendants conduct constituted malice,

28     oppression, or fraud such that Plaintiff is entitled to punitive damages under California Civil Code

1    section 3294 in an amount to punish Defendants or to set an example.

2        29.    This Complaint is filed within two years of the termination at issue as Plaintiff's

3    statute of limitations related to this matter was tolled under the California Judicial Council's

4    COVID-19 Emergency Rule No. 9, as amended.  Amended Rule No. 9, subsection (a) tolled the

5    statute of limitations for all civil actions with a statute of limitations period greater than 180 days

6    between April 6, 2020 and October 1, 2020. That means that Plaintiff's statute of limitations period

7    for the instant claim expires on February 3, 2022.  This Complaint is filed prior to that date.

8                              **PRAYER FOR RELIEF**

9        WHEREFORE, Plaintiff prays for judgment against Defendants and each of them as follows:

10   1.   For such general, special, and compensatory, actual and liquidated damages described

11        above in amounts to be proven at the time of trial;

12   2.   For punitive and exemplary damages in amounts to be proven at the time of trial;

13   3.   For attorneys' fees and costs pursuant to Code of Civil Procedure § 1021.5, Cal. Labor

14        Code § 1102.5, and Government Code § 12965, or as otherwise allowed by law and

15        according to proof;

16   4.   For lost wages according to proof;

17   5.   For costs of suit incurred herein;

18   6.   For pre- and post-judgement interest at the maximum legal rate on all amounts claimed;

19        and

20   7.   For other and further relief as the Court may deem just and proper.

21

22   Dated: October 1, 2021            Respectfully Submitted,

23

24

25                                By:  _____

26                                     Andrew E. Hillier
                                       Attorney for Plaintiff,
27                                     LAURA NELSON

28

---

7

COMPLAINT

1

**DEMAND FOR JURY TRIAL**

2        Plaintiff LAURA NELSON hereby demands a jury trial for the causes of action set forth

3   herein.

4

5   Dated: October 1, 2021              Respectfully Submitted,

6

7

8                                   By: _____

9                                        Andrew E. Hillier
                                         Attorney for Plaintiff,
10                                       LAURA NELSON

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT  B

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Andrew Hillier (Bar No. 295779)<br>Hillier DiGiacco LLP, 600 W. Broadway, Ste. 700, San Diego, CA 92101 | **ELECTRONICALLY FILED**<br>Superior Court of California, |

TELEPHONE NO.: (619) 500-7906    FAX NO. *(Optional):* (619) 839-3895
E-MAIL ADDRESS: andrew@hdlawllp.com
ATTORNEY FOR *(Name):* Laura Nelson

County of San Diego

**10/01/2021** at 05:49:07 PM

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS: 330 W. Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Central

Clerk of the Superior Court
By Megan Dietenhofer, Deputy Clerk

CASE NAME:
Nelson v. Brookdale Senior Living Communities, Inc., et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 37-2021-00042000-CU-WT-CTL |
|---|---|---|
| [X] Unlimited    [ ] Limited<br>(Amount        (Amount<br>demanded      demanded is<br>exceeds $25,000)  $25,000 or less) | [ ] Counter    [ ] Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE: Judge Keri Katz<br><br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[X] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is    [X] is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties    d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve    e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. [X] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [X] punitive
4. Number of causes of action *(specify):* 3 - Retaliation (Lab. Code 1102.5); Retaliation (FEHA); Wrongful Termination
5. This case [ ] is    [X] is not    a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: 10/1/2021

Andrew Hillier
_____        ►        _____
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET
**CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
        Wrongful Death
Product Liability *(not asbestos or
    toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice–
        Physicians & Surgeons
    Other Professional Health Care
        Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip
        and fall)
    Intentional Bodily Injury/PD/WD
        (e.g., assault, vandalism)
    Intentional Infliction of
        Emotional Distress
    Negligent Infliction of
        Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
Defamation (e.g., slander, libel)
    (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
        *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
        Contract *(not unlawful detainer
        or wrongful eviction)*
    Contract/Warranty Breach–Seller
        Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
        Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
        Case
Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
        Case Matter
    Writ–Other Limited Court Case
        Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
        Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of
        County)
    Confession of Judgment *(non-
        domestic relations)*
    Sister State Judgment
    Administrative Agency Award
        *(not unpaid taxes)*
    Petition/Certification of Entry of
        Judgment on Unpaid Taxes
    Other Enforcement of Judgment
        Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
        harassment)*
    Mechanics Lien
    Other Commercial Complaint
        Case *(non-tort/non-complex)*
    Other Civil Complaint
        *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
        Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
        Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**



**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION**

CASE NUMBER: 37-2021-00042000-CU-WT-CTL        CASE TITLE: Nelson vs Brookdale Senior Living Communities Inc [IMAGE

**NOTICE:** All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:
   (1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),
   (2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), *and*
   (3) the Notice of Case Assignment form (SDSC form #CIV-721).

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

**Potential Advantages and Disadvantages of ADR**
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| **Potential Advantages** | **Potential Disadvantages** |
|---|---|
| • Saves time | • May take more time and money if ADR does not resolve the dispute |
| • Saves money | • Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable |
| • Gives parties more control over the dispute resolution process and outcome | |
| • Preserves or improves relationships | |

**Most Common Types of ADR**
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:**  A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:**  A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:**  A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute.  Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

**Other ADR Processes:** There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute. Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

## Local ADR Programs for Civil Cases

**Mediation:** The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

On-line mediator search and selection: Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005). The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:** The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:** The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

More information about court-connected ADR: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:** The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:** To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

## Legal Representation and Advice

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at *www.courtinfo.ca.gov/selfhelp/lowcost*.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS: | 330 W Broadway |
| MAILING ADDRESS: | 330 W Broadway |
| CITY AND ZIP CODE: | San Diego, CA 92101-3827 |
| DIVISION: | Central |
| TELEPHONE NUMBER: | (619) 450-7074 |

| PLAINTIFF(S) / PETITIONER(S):   Laura Nelson |
|---|
| DEFENDANT(S) / RESPONDENT(S):   BROOKDALE SENIOR LIVING COMMUNITIES INC |
| NELSON VS BROOKDALE SENIOR LIVING COMMUNITIES INC [IMAGED] |

| NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE (CIVIL) | CASE NUMBER:<br>37-2021-00042000-CU-WT-CTL |
|---|---|

**CASE ASSIGNED FOR ALL PURPOSES TO:**

Judge:  Keri Katz                                                 Department: C-74

**COMPLAINT/PETITION FILED:** 10/01/2021

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 06/10/2022 | 10:30 am | C-74 | Keri Katz |

**Due to the COVID-19 pandemic, all Case Management Conferences (CMCs) are being conducted virtually unless there is a court order stating otherwise.** Prior to the hearing date, visit the "virtual hearings" page for the most current instructions on how to appear for the applicable case-type/department on the court's website at www.sdcourt.ca.gov.

A Case Management Statement (JC Form #CM-110) must be completed by counsel for all parties and by all self-represented litigants and timely filed with the court at least 15 days prior to the initial CMC. (San Diego Superior Court (SDSC) Local Rules, rule 2.1.9; Cal. Rules of Court, rule 3.725).

All counsel of record and self-represented litigants must appear at the CMC, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of Alternative Dispute Resolution (ADR) options.

It is the duty of each plaintiff (and cross-complainant) to serve a copy of this Notice of Case Assignment and Case Management Conference (SDSC Form #CIV-721) with the complaint (and cross-complaint), the Alternative Dispute Resolution (ADR) Information Form (SDSC Form # CIV-730), a Stipulation to Use Alternative Dispute Resolution (ADR) (SDSC Form # CIV-359), and other documents on all parties to the action as set out in SDSC Local Rules, rule 2.1.5.

**TIME FOR SERVICE AND RESPONSE:** The following rules apply to civil cases except for collections cases under California Rules of Court, rule 3.740(a), unlawful detainer actions, proceedings under the Family Code, and other proceedings for which different service requirements are prescribed by law (Cal. Rules of Court, rule 3.110; SDSC Local Rules, rule 2.1.5):
- **Service:** The complaint must be served on all named defendants, and proof of service filed with the court within 60 days after filing the complaint. An amended complaint adding a defendant must be served on the added defendant and proof of service filed within 30 days after filing of the amended complaint. A cross-complaint against a party who has appeared in the action must be accompanied by proof of service on that party at the time it is filed. If it adds a new party, the cross-complaint must be served on all parties and proof of service on the new party must be filed within 30 days of the filing of the cross-complaint.
- **Defendant's appearance:** Unless a special appearance is made, each defendant served must generally appear (as defined in Code of Civ. Proc. § 1014) within 30 days of service of the complaint/cross-complaint.
- **Extensions:** The parties may stipulate without leave of court to one 15-day extension beyond the 30-day time period prescribed for the response after service of the initial complaint (SDSC Local Rules, rule 2.1.6). If a party fails to serve and file pleadings as required under this rule, and has not obtained an order extending time to serve its pleadings, the court may issue an order to show cause why sanctions shall not be imposed.

**JURY FEES:** In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

**COURT REPORTERS:** Official Court Reporters are not normally available in civil matters, but may be requested in certain situations no later than 10 days before the hearing date. See SDSC Local Rules, rule 1.2.3 and Policy Regarding Normal Availability and Unavailability of Official Court Reporters (SDSC Form #ADM-317) for further information.

**ALTERNATIVE DISPUTE RESOLUTION (ADR):** The court discourages any unnecessary delay in civil actions; therefore, continuances are discouraged and timely resolution of all actions, including submitting to any form of ADR is encouraged. The court encourages and expects the parties to consider using ADR options prior to the CMC. The use of ADR will be discussed at the CMC. Prior to the CMC, parties stipulating to the ADR process may file the Stipulation to Use Alternative Dispute Resolution (SDSC Form #CIV-359).

## NOTICE OF E-FILING REQUIREMENTS
## AND IMAGED DOCUMENTS

Effective April 15, 2021, e-filing is required for attorneys in represented cases in all limited and unlimited civil cases, pursuant to the San Diego Superior Court General Order: In Re Procedures Regarding Electronically Imaged Court Records, Electronic Filing and Access to Electronic Court Records in Civil and Probate Cases. Additionally, you are encouraged to review CIV-409 for a listing of documents that are not eligible for e-filing. E-filing is also encouraged, but not mandated, for self-represented litigants, unless otherwise ordered by the court. All e-filers are required to comply with the e-filing requirements set forth in Electronic Filing Requirements (Civil) (SDSC Form #CIV-409) and Cal. Rules of Court, rules 2.250-2.261.

All Civil cases are assigned to departments that are part of the court's "Imaging Program." This means that original documents filed with the court will be imaged, held for 30 days, and then destroyed, with the exception of those original documents the court is statutorily required to maintain. The electronic copy of the filed document(s) will be the official court record, pursuant to Government Code § 68150. Thus, original documents should not be attached to pleadings filed with the San Diego Superior Court, unless it is a document for which the law requires an original be filed. Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant, or petitioner to serve a copy of this Notice of Case Assignment and Case Management Conference (Civil) (SDSC Form #CIV-721) with the complaint, cross-complaint, or petition on all parties to the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words "IMAGED FILE" in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and may be found on the court's website at www.sdcourt.ca.gov.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 330 West Broadway | |
| MAILING ADDRESS: 330 West Broadway | |
| CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827 | |
| BRANCH NAME: Central | |

| PLAINTIFF(S): Laura Nelson |
|---|
| DEFENDANT(S): BROOKDALE SENIOR LIVING COMMUNITIES INC |
| SHORT TITLE: NELSON VS BROOKDALE SENIOR LIVING COMMUNITIES INC [IMAGED] |

| STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: 37-2021-00042000-CU-WT-CTL |
|---|---|

Judge: Keri Katz                                          Department: C-74

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process. Selection of any of these options will not delay any case management timelines.

☐ Mediation (court-connected)                   ☐ Non-binding private arbitration

☐ Mediation (private)                           ☐ Binding private arbitration

☐ Voluntary settlement conference (private)     ☐ Non-binding judicial arbitration (discovery until 15 days before trial)

☐ Neutral evaluation (private)                  ☐ Non-binding judicial arbitration (discovery until 30 days before trial)

☐ Other (specify e.g., private mini-trial, private judge, etc.): _____

_____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

_____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____               Date: _____

_____           _____
Name of Plaintiff                           Name of Defendant

_____           _____
Signature                                   Signature

_____           _____
Name of Plaintiff's Attorney                Name of Defendant's Attorney

_____           _____
Signature                                   Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385. Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated: 10/04/2021                           _____
                                            JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 12-10)      **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**      Page: 1

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Andrew Hillier, 295779<br>HIllier DiGiacco LLP<br>600 W. Broadway, Ste. 700<br>San Diego, CA 92101<br>TELEPHONE NO. (619)500-7906<br>ATTORNEY FOR *(Name):* Plaintiff | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
Superior Court of California, San Diego County
330 W. Broadway
San Diego, CA 92101-3409

| PLAINTIFF/PETITIONER: Laura Nelson | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Brookdale Senior Living Communities, Inc., et al. | 37-2021-00042000-CU-WT-CTL |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.: |
|---|---|

1.  At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action.
2.  I served copies of:

Summons, Complaint, Civil Case Cover Sheet, Notice of Case Assignment, Alternative Dispute Resolution Information, Stipulation to Use Alternative Dispute Resolution Process

3.  a. Party served:  BROOKDALE SENIOR LIVING COMMUNITIES, INC., a Delaware Corporation

   b. Person Served: CSC - Trudy Desbiens - Person Authorized to Accept Service of Process

4.  Address where the party was served: 2710 Gateway Oaks Drive, Suite 150N
                                        Sacramento, CA 95833
5.  I served the party
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to
      receive service of process for the party (1) on (date): 10/04/2021          (2) at  (time): 1:50PM
6. The "Notice to the Person Served" (on the summons) was completed as follows:


   d. on behalf of:

   BROOKDALE SENIOR LIVING COMMUNITIES, INC., a Delaware Corporation
   under: CCP 416.10 (corporation)
7.  **Person who served papers**
   a.  Name:         Tyler Anthony DiMaria
   b.  Address:      One Legal - P-000618-Sonoma
                     1400 North McDowell Blvd, Ste 300
                     Petaluma, CA 94954

   c.  Telephone number: 415-491-0606
   d.  The fee for service was: $ 40.00
   e I am:
        (3)  registered California process server.
             (i)  Employee or independent contractor.
             (ii) Registration No.: 2006-06
             (iii) County:  Sacramento

8. I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Date: 10/04/2021


Tyler Anthony DiMaria

(NAME OF PERSON WHO SERVED PAPERS)                                    (SIGNATURE)

| Form Adopted for Mandatory Use<br>Judicial Council of California POS-010<br>[Rev. Jan 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10<br><br>OL# 17007695 |
|---|---|---|

EXHIBIT  C

1 | HELENE WASSERMAN, Bar No. 130134
hwasserman@littler.com
2 | LITTLER MENDELSON P.C.
2049 Century Park East, 5th Floor
3 | Los Angeles, California  90067.3107
Telephone:     310.553.0308
4 | Fax No.:     310.553.5583

5 | BRITTANY L. McCARTHY, Bar No. 285947
blmccarthy@littler.com
6 | LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
7 | San Diego, CA  92101.3577
Telephone:     619.232.0441
8 | Fax No.:     619.232.4302

9 | Attorneys for Defendant
BKD TWENTY-ONE MANAGEMENT COMPANY,
10 | INC., erroneously named and served as BROOKDALE
SENIOR LIVING COMMUNITIES, INC.

11 |

12 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

13 | COUNTY OF SAN DIEGO

14 |

| | |
|---|---|
| 15  LAURA NELSON, an individual, | Case No.  37-2021-00042000-CU-WT-CTL |
| 16  Plaintiff, | **DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT** |
| 17  v. | ASSIGNED FOR ALL PURPOSES TO JUDGE KERI KATZ |
| 18  BROOKDALE SENIOR LIVING COMMUNITIES, INC., a Delaware Corporation; | |
| 19  and DOES 1 through 20, inclusive, | |
| 20  Defendants. | Trial Date: Not Set  Complaint Filed:   October 1, 2021 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

LITTLER MENDELSON P.C.
2049 Century Park East
5th Floor
Los Angeles  CA  90067.3107
310.553.0308

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant BKD TWENTY-ONE MANAGEMENT COMPANY, INC., ("Defendant")[1] hereby answers the Complaint ("Complaint") filed by Plaintiff LAURA NELSON ("Plaintiff"), as follows:

## GENERAL DENIAL

Pursuant to the provisions of the California Code of Civil Procedure section 431.30(d), Defendant denies generally and specifically each and every allegation contained in the Complaint. In addition, Defendant denies that Plaintiff has sustained, or will sustain, any loss or damage in the manner or amount alleged, or otherwise, by reason of any act or omission, or any other conduct or absence thereof on the part of Defendant. Defendant further asserts the following separate and distinct defenses:

## AFFIRMATIVE DEFENSES

In further answer to the Complaint, and as separate and affirmative and other defenses Defendant alleges the following defenses. In asserting these defenses, Defendant does not assume the burden of proof as to matters that, as a matter of law, are Plaintiff's burden to prove.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

The Complaint, and each alleged cause of action contained therein, fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Failure to Exhaust Administrative Remedies)

Plaintiff's claims are barred to the extent that Plaintiff failed to timely and properly exhaust all necessary administrative, statutory, and/or jurisdictional prerequisites under the California Labor Code, California Fair Employment and Housing Act ("FEHA"), California Government Code, and/or other provisions of law prior to commencing this action.

---

[1] Defendant Brookdale Senior Living Communities, Inc. did not employ Plaintiff. Rather, Plaintiff was employed by BKD Twenty-One Management Company, Inc. Both entities are indirect subsidiaries of Brookdale Senior Living Inc.

LITTLER MENDELSON P.C.
2049 Century Park East
5th Floor
Los Angeles CA 90067.3107
310.553.0308

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

### THIRD AFFIRMATIVE DEFENSE

**(Statutes of Limitation)**

Plaintiff's claims are barred, in whole or in part, by the applicable statute(s) of limitation including, but not limited to, those limitation periods set forth in Code of Civil Procedure sections 335.1, 338, 340, 343, Government Code sections 12960 and 12965, Labor Code section 1197.5(i), and/or any other applicable statute(s) of limitation.

### FOURTH AFFIRMATIVE DEFENSE

**(Equitable Defenses)**

The Complaint, and each cause of action alleged therein, or some of them, is barred in whole or in part by the doctrines of consent, waiver, laches, or unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

**(Not The Employer)**

As a separate and distinct affirmative defense, Defendant alleges Plaintiff's Complaint, and each and every cause of action alleged therein, is barred, in whole or in part, against Defendant Brookdale Senior Living Communities, Inc. as it is not Plaintiff's employer.

### SIXTH AFFIRMATIVE DEFENSE

**(Acts or Omissions of Plaintiff)**

The Complaint, and each and every cause of action contained therein, is barred in whole or in part because the alleged damages or harm sustained by Plaintiff, if any, resulted from the acts or omissions of Plaintiff or from causes other than any alleged act or omission by Defendant or its agents or employees.

### SEVENTH AFFIRMATIVE DEFENSE

**(Failure to Mitigate)**

Plaintiff is barred from obtaining any recovery from Defendant by reason of her failure to mitigate her damages, if any, or, alternatively, any damages or other relief to which Plaintiff may otherwise be entitled must be reduced or limited to the extent of such failure to mitigate.

///

///

LITTLER MENDELSON P.C.
2049 Century Park East
5th Floor
Los Angeles  CA  90067.3107
310.553.0308

3

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

**EIGHTH AFFIRMATIVE DEFENSE**

**(Legitimate Business Purpose)**

The Complaint, and each cause of action alleged therein is barred, in whole or in part, because any actions taken by Defendant, or its agents or employees, with respect to Plaintiff, were taken for lawful, non-discriminatory business reasons, and/or for a legitimate, non-discriminatory business purpose that was necessary to the efficient operation of the business.

**NINTH AFFIRMATIVE DEFENSE**

**(Good Cause and Good Faith)**

The Complaint and each purported cause of action therein, or some of them, is barred and cannot be maintained because all acts taken by Defendant and its officers and managing agents were just, fair, privileged, with good cause, in good faith and without malice based upon all relevant facts and circumstances known at the time, and neither Defendant nor its officers or managing agents at any time willfully or negligently failed to comply with applicable laws.

**TENTH AFFIRMATIVE DEFENSE**

**(After-Acquired Evidence)**

To the extent that Defendant acquires evidence of wrongdoing by Plaintiff, which would have materially affected the terms and conditions of Plaintiff's employment or would have resulted in Plaintiff either not being hired, being demoted, disciplined, or terminated, such after-acquired evidence shall bar Plaintiff's claims on liability or damages or shall reduce such claims as provided by law.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Punitive Damages Unconstitutional)**

Plaintiff is not entitled to recover punitive damages because the imposition of such damages violates the United States and California Constitutions, in that: (a) such damages are so punitive in purpose and effect as to constitute a criminal penalty, entitling Defendant to rights to be given to Defendant in criminal proceedings under the United States and California Constitutions; (b) such damages constitute an impermissible restriction on speech and a violation of the First Amendment of the United States Constitution; (c) the imposition of such damages would violate Defendant's rights

LITTLER MENDELSON P.C.
2049 Century Park East
5th Floor
Los Angeles CA 90067.3107
310.553.0308

4

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

1   to due process and/or equal protection under the law under the United States and California
2   Constitutions; and/or (d) the California punitive damages statute is unconstitutional in that it imposes
3   an undue burden on interstate commerce.

4                                   **TWELFTH AFFIRMATIVE DEFENSE**

5                          **(Avoidable Consequences/ Failure to Exhaust Internal Remedies)**

6           Each purported cause of action contained in the Complaint, or some of the causes of action, is
7   barred, in whole or in part, or any recovery should be reduced, pursuant to the avoidable consequences
8   doctrine because Defendant exercised reasonable care to prevent and correct promptly any
9   discriminatory or otherwise unlawful behavior including, but not limited to, having in place anti-
10  discrimination, anti-harassment, and anti-retaliation policies; and Plaintiff unreasonably failed to take
11  advantage of any preventative and corrective opportunities provided to her by Defendant or to
12  otherwise avoid harm; and Plaintiff's reasonable use of Defendant's procedures would have prevented
13  at least some, if not all, of the purported harm of which Plaintiff now claims. *See State Dep't of Health*
14  *Services v. Super. Ct.*, 31 Cal. 4th 1026 (2003); *Burlington Northern Industries, Inc. v. Ellerth*, 524
15  U.S. 742 (1998); *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998); *Pennsylvania State Police v.*
16  *Suders*, 542 U.S. 129 (2004).

17                                  **THIRTEENTH AFFIRMATIVE DEFENSE**

18                                          **(At-Will Employment)**

19          Plaintiff was at all relevant times an at-will employee with no entitlement to continued
20  employment pursuant to section 2922 of the California Labor Code.

21                                  **FOURTEENTH AFFIRMATIVE DEFENSE**

22                                               **(Offset)**

23          Any recovery to which Plaintiff might otherwise allegedly be entitled must be offset by any
24  benefits and/or other monies that Plaintiff has received or will receive, whether through employment,
25  disability insurance, unemployment insurance, workers' compensation or otherwise.

26                                  **FIFTEENTH AFFIRMATIVE DEFENSE**

27                                          **(Breach of Duties)**

28          Plaintiff's claims are barred by her own breach of the duties owed to Defendant under

LITTLER MENDELSON P.C.
2049 Century Park East
5th Floor
Los Angeles  CA  90067.3107
310.553.0308

5

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

1  California Labor Code sections 2854, 2856, 2857, 2858, and/or 2859, including to the extent that

2  Plaintiff failed to use ordinary care and diligence in the performance of her duties and failed to

3  substantially comply with the reasonable directions of her employer.

### SIXTEENTH AFFIRMATIVE DEFENSE

**(Duplicative And Unconstitutional Civil Penalties)**

6       To the extent multiple penalties are sought for the same alleged violations, such claims are

7  barred by the prohibition on double recovery and would violate Defendant's due process rights under

8  the Fourteenth Amendment of the United States Constitution and under the Constitution and laws of

9  the State of California.

### SEVENTEENTH AFFIRMATIVE DEFENSE

**(Prejudgment Interest)**

12       The Complaint fails to state a claim upon which prejudgment interest may be granted because

13  the damages claimed are not sufficiently certain.

### EIGHTEENTH AFFIRMATIVE DEFENSE

**(Same Decision)**

16       The Complaint and each cause of action set forth therein cannot be maintained against

17  Defendant because, if any unlawful discriminatory or retaliatory motive existed in connection with

18  any employment decision involving Plaintiff, which Defendant denies, any and all claims for damages

19  are nevertheless barred because such employment decision(s) would have been the same even without

20  any such unlawful discriminatory or retaliatory motive.

### NINETEENTH AFFIRMATIVE DEFENSE

**(Punitive Damages Barred)**

23       Defendants' good faith efforts to prevent discrimination, retaliation, and any other unlawful

24  acts bars any award for punitive damages or exemplary damages as set forth in *Kolstad v. American*

25  *Dental Association*, 527 U.S. 526 (1999).

### TWENTIETH AFFIRMATIVE DEFENSE

**(*Bona Fide* Policy)**

28       As a separate and distinct affirmative defense, Defendant alleges that each cause of action in

LITTLER MENDELSON P.C.
2049 Century Park East
5th Floor
Los Angeles  CA  90067.3107
310.553.0308

6

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

1  Plaintiff's Complaint is barred because Defendant had implemented and at all relevant times

2  maintained a *bona fide* policy against unlawful discrimination, harassment and retaliation and thus is

3  not liable for any failure to prevent any such unlawful actions nor vicariously liable for punitive

4  damages based on the alleged misconduct of its employees and managers.  These policies were

5  generally distributed to employees, including Plaintiff.  Employees generally acknowledged receipt of

6  these policies.

7  ### TWENTY-FIRST AFFIRMATIVE DEFENSE

8  ### (No Attorneys' Fees/Costs)

9  The Complaint and each and every cause of action alleged therein fails to state facts sufficient

10  to constitute a claim for which attorneys' fees and/or costs under California Code of Civil Procedure

11  section 1021.5, Government Code section 12965(b), or any other statute may be awarded.

12  ### TWENTY-SECOND AFFIRMATIVE DEFENSE

13  ### (Proximate Cause)

14  To the extent Plaintiff suffered any damages (which Defendant denies), Plaintiff's alleged

15  damages were not proximately caused by any unlawful policy, custom, practice and/or procedure

16  promulgated and/or tolerated by Defendant.

17  ### TWENTY-THIRD AFFIRMATIVE DEFENSE

18  ### (Emotional Distress Damages Barred)

19  Plaintiff is not entitled to recover emotional distress damages because California's system of

20  emotional distress damages is unconstitutional under *State Farm Mutual Automobile Insurance Co. v.*

21  *Campbell*, 538 U.S. 408 (2003), as well as the United States and California Constitutions.

22  ### TWENTY-FOURTH AFFIRMATIVE DEFENSE

23  ### (Emotional Distress Caused By Other Factors)

24  If Plaintiff has suffered any emotional distress as alleged in her Complaint, such emotional

25  distress was proximately caused by factors other than Plaintiff's employment, the actions of Defendant

26  and/or anyone acting on Defendant's behalf.

27  ///

28  ///

LITTLER MENDELSON P.C.
2049 Century Park East
5th Floor
Los Angeles  CA  90067.3107
310.553.0308

7

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Damages Speculative)

The Complaint, and each claim for relief set forth therein, or some of them, are barred because the damages Plaintiff alleges in the Complaint, if any, are too speculative to be recoverable at law.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Corrective Action)

The Complaint and each cause of action set forth therein cannot be maintained against Defendant because, at all relevant times, Defendant took prompt and appropriate corrective action in response to Plaintiff's concerns, thereby satisfying all legal obligations Defendant had to Plaintiff, if any.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Managerial Privilege)

The Complaint, and each cause of action alleged therein, are barred, in whole or in part, because Defendants' conduct (and the conduct of Defendants' officers, managers or employees while acting in the course and scope of their employment) is protected by the managerial privilege in that all actions taken with respect to Plaintiff's employment were undertaken and exercised with proper managerial discretion in good faith, and for proper, lawful reasons.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Action Subject to Arbitration - Jurisdiction)

Defendants allege that Plaintiff's Complaint and claims therein are subject to binding arbitration pursuant to Plaintiff's agreement to arbitrate disputes arising from or related to her employment; therefore, this Court lacks jurisdiction to hear Plaintiff's claims.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Action Subject to Arbitration - Contract)

The Complaint, and each cause of action alleged therein, is barred and must be dismissed because Plaintiff has agreed to arbitrate any or all of the purported claims asserted in it.  The filing of the Complaint violates such agreement to arbitrate and the Complaint should be dismissed or stayed

LITTLER MENDELSON P.C.
2049 Century Park East
5th Floor
Los Angeles  CA  90067.3107
310.553.0308

8

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

1   and Plaintiff should be compelled to arbitrate.

2   **<u>ADDITIONAL AFFIRMATIVE DEFENSES</u>**

3         Defendant does not presently know of all facts concerning the conduct of Plaintiff, sufficient

4   to state all affirmative defenses at this time.  Defendant expressly reserves the right to amend this

5   Answer should it later discover facts demonstrating the existence of additional affirmative defenses.

6   **PRAYER FOR RELIEF**

7         WHEREFORE, Defendant prays for judgment from this Court as follows:

8         1.     That Plaintiff take nothing by this action;

9         2.     That the Complaint be dismissed with prejudice and that judgment be entered against

10   Plaintiff and in favor of Defendant on each of Plaintiff's causes of action;

11         3.     That Plaintiff be ordered to pay Defendant's costs and attorneys' fees, including, but

12   not limited to, costs and attorneys' fees provided under California Labor Code section 218.5; and

13         4.     Such other and further relief as the Court deems appropriate and proper.

14

15   Dated: November 1, 2021

                                              LITTLER MENDELSON P.C.

16

17

18                                             Helene Wasserman
                                            Brittany L. McCarthy

19
                                            Attorneys for Defendant

20                                             BKD TWENTY-ONE MANAGEMENT
                                            COMPANY, INC., erroneously named and

21                                             served as BROOKDALE SENIOR LIVING
                                            COMMUNITIES, INC.

22

23

24

25

26

27

28

LITTLER MENDELSON P.C.
2049 Century Park East
5th Floor
Los Angeles  CA  90067.3107
310.553.0308

9

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

POS-040

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:
Helene Wasserman, SBN 130134; Brittany L. McCarthy, SBN 285947
LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, CA 92101-3577

TELEPHONE NO.: (619) 232-0441   FAX NO. *(Optional)*: (619) 232-4302
E-MA L ADDRESS *(Optional)*:   hwasserman@littler.com; blmccarthy@littler.com
ATTORNEY FOR *(Name)*: Defendant Brookdale Senior Living Communities, Inc.

FOR COURT USE ONLY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS: 330 W. Broadway
MAILING ADDRESS: 330 W. Broadway
CITY AND Z P CODE: San Diego, CA 92101
BRANCH NAME: Central

PLAINTIFF/PETITIONER: Laura Nelson

DEFENDANT/RESPONDENT: Brookdale Senior Living Communities, Inc.

CASE NUMBER:
37-2021-00042000-CU-WT-CTL

JUDGE: Hon. Keri Katz

DEPT.: C-74

## PROOF OF SERVICE—CIVIL

**Check method of service** *(only one):*

☐ By Personal Service  ☐ By Mail  ☐ By Overnight Delivery
☐ By Messenger Service  ☐ By Fax  ☒ By Electronic Service

*(Do not use this proof of service to show service of a Summons and complaint.)*

1. At the time of service I was over 18 years of age and **not a party to this action.**

2. My residence or business address is:
   501 W. Broadway, Suite 900, San Diego, CA 92101-3577.

3. ☐   The fax number or electronic service address from which I served the documents is *(complete if service was by fax or electronic service)*: mruvalcaba@littler.com

4. On *(date):* November 1, 2021   I served the following **documents** *(specify):*

   **DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

   ☐   The documents are listed in the *Attachment to Proof of Service–Civil (Documents Served)* (form POS-040(D)).

5. I served the documents on the **person or persons** below, as follows:

   a. Name of person served: **Andrew E. Hillier, Esq. and Francis A. DiGiacco**

   b. ☐   *(Complete if service was by personal service, mail, overnight delivery, or messenger service.)*
   Business or residential address where person was served:
   **600 West Broadway, Ste. 700, San Diego, CA 92101**

   c. ☒   *(Complete if service was by fax or electronic service.)*
   (1) Fax number or electronic service address where person was served:
   Andrew E. Hillier - andrew@hdlawllp.com; Francis A. DiGiacco - frankie@hdlawllp.com
   Paul Garcia - paul@hdlawllp.com
   (2) Time of service:

   ☒   The names, addresses, and other applicable information about persons served is on the *Attachment to Proof of Service—Civil (Persons Served)* (form POS-040(P)).

6. The documents were served by the following means *(specify):* **EMAIL**

   a. ☐   **By personal service.** I personally delivered the documents to the persons at the addresses listed in item 5. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents, in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office, between the hours of nine in the morning and five in the evening. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and six in the evening.

Page 1 of 4

**PROOF OF SERVICE—CIVIL**
**(Proof of Service)**

Code of Civil Procedure., §§ 1010.6, 1011, 1013, 1013a,
2015 5; Cal. Rules of Court, rules 2.260, 2.306
*www.courts.ca.gov*


American LegalNet, Inc.
www.FormsWorkFlow.com

POS-040

| CASE NAME | CASE NUMBER: |
|---|---|
| Laura Nelson v. Brookdale Senior Living Communities, Inc. | 37-2021-00042000-CU-WT-CTL |

6. b. ☐ **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 5 and *(specify one):*

    (1) ☐ deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

    (2) ☐ placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

    I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at *(city and state):*

c. ☐ **By overnight delivery.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses in item 5. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

d. ☐ **By messenger service.** I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed in item 5 and providing them to a professional messenger service for service. *(A declaration by the messenger must accompany this Proof of Service or be contained in the Declaration of Messenger below.)*

e. ☐ **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed in item 5. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

f. ☒ **By electronic service.** Based on a court order or an agreement of the parties to accept electronic service, I caused the documents to be sent to the persons at the electronic service addresses listed in item 5.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: November 1, 2021

Maria Ruvalcaba
_____
(TYPE OR PRINT NAME OF DECLARANT)

▶ _____
(SIGNATURE OF DECLARANT)

*(If item 6d above is checked, the declaration below must be completed or a separate declaration from a messenger must be attached.)*

### DECLARATION OF MESSENGER

☐ **By personal service.** I personally delivered the envelope or package received from the declarant above to the persons at the addresses listed in item 5. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package, which was clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office, between the hours of nine in the morning and five in the evening. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and six in the evening.

At the time of service, I was over 18 years of age. I am not a party to the above-referenced legal proceeding.

I served the envelope or package, as stated above, on *(date):*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____
(NAME OF DECLARANT)

▶ _____
(SIGNATURE OF DECLARANT)

Page 2 of 4

**PROOF OF SERVICE—CIVIL**
**(Proof of Service)**

American LegalNet, Inc.
www.FormsWorkFlow.com

POS-040(D)

| SHORT TITLE:<br>—Laura Nelson v. Brookdale Senior Living Communities, Inc. | CASE NUMBER<br>37-2021-00042000-CU-WT-CTL |
| --- | --- |

**ATTACHMENT TO PROOF OF SERVICE— CIVIL (DOCUMENTS SERVED)**
*(This Attachment is for use with form POS-040)*

The documents that were served are as follows *(describe each document specifically):*

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

Form Approved for Optional Use
Judicial Council of California
POS-040(D) [New January 1, 2005]

**ATTACHMENT TO PROOF OF SERVICE—CIVIL (DOCUMENTS SERVED**
(Proof of Service)

Page 3 of 4

American LegalNet, Inc.
www.FormsWorkFlow.com

POS-040(P)

| SHORT TITLE:<br>Laura Nelson v. Brookdale Senior Living Communities, Inc. | CASE NUMBER:<br>37-2021-00042000-CU-WT-CTL |
|---|---|

## ATTACHMENT TO PROOF OF SERVICE—CIVIL (PERSONS SERVED)

*(This attachment is for use with form POS-040.)*

**NAMES, ADDRESSES, AND OTHER APPLICABLE INFORMATION ABOUT PERSONS SERVED:**

| **Name of Person Served** | **Where Served** | **Time of Service** |
|---|---|---|
| *(If the person served is an attorney, the party or parties represented should also be stated.)* | *(Provide business or residential address where service was made by personal service, mail, overnight delivery, or messenger service. For other means of service, provide fax number or electronic service address, as applicable.)* | *(Complete for service by fax transmission or electronic service.)* |
| Andrew E. Hillier, Esq.<br>Francis A. DiGiacco, Esq.<br>Attorneys for Plaintiff<br>*LAURA NELSON* | Hillier DiGiacco LLP<br>600 West Broadway, Suite 700<br>San Diego, CA 92101<br>Tel.: 619.500.7906<br>Fax: 619.839.3895<br>Email: andrew@hdlawllp.com<br>frankie@hdlawllp.com<br>paul@hdlawllp.com | Time: _____ |
| | | Time: _____ |
| | | Time: _____ |
| | | Time: _____ |
| | | Time: _____ |
| | | Time: _____ |
| | | Time: _____ |
| | | Time: _____ |
| | | Time: _____ |
| | | |

Form Approved for Optional Use
Judicial Council of California
POS-040(P) [Rev. July 1, 2011]

**ATTACHMENT TO PROOF OF SERVICE—CIVIL (PERSONS SERVED)**
**(Proof of Service)**

4832-6917-8622.1 / 051918-1329


American LegalNet, Inc.
www.FormsWorkFlow.com